# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HUSSEIN S.M., <br><br>                      Petitioner, <br><br> v. <br><br> MERRICK GARLAND, *U.S. Attorney General*; ALEJANDRO MAYORKAS, *Secretary, Department of Homeland Security*; TAE D. JOHNSON, *Acting Director, Immigration and Customs Enforcement*; MARCOS CHARLES, *Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff, Sherburne County*, <br><br>                      Respondents. | Civil No. 21-348 (JRT/TNL) <br><br><br> **MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Bruce H. Little, **BARNES & THORNBURG, LLP**, 225 South Sixth Street, Suite 2800, Minneapolis, MN 55402; and John R. Bruning, **THE ADVOCATES FOR HUMAN RIGHTS**, 330 Second Avenue South, Suite 800, Minneapolis, MN 55401, for petitioner.

Ana H. Voss, Ann M. Bildtsen, and Chad A. Blumenfield, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondents.

Petitioner Hussein S.M. filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting release from immigration detention on the grounds that he is unlikely to be removed to Ethiopia in the reasonably foreseeable future. Magistrate Judge Tony Leung issued a Report & Recommendation ("R&R"), recommending that the Court deny the petition without prejudice. Petitioner objected.

The Court finds that Petitioner's detention for eighteen months during immigration proceedings, including over nine months in post-final order detention, constitutes prolonged detention without legal justification and presents significant due process concerns. Petitioner has provided good reason to believe that removal is not likely in the reasonably foreseeable future and the Court finds that conditions in Ethiopia have deteriorated considerably since the Magistrate Judge issued the R&R, which the United States has not sufficiently rebutted. The Court finds that supervised release, as provided for in 8 U.S.C. § 1231(a)(3), is a less restrictive alternative to detention that serves all parties' interests. The Court will therefore sustain Petitioner's objections, reject the R&R, grant the habeas petition, and order Petitioner's immediate release from custody and into supervision.

## BACKGROUND

Petitioner is a native and citizen of Ethiopia and was admitted to the United States as a refugee in 2006. (Petition ¶ 10, Feb. 5, 2021, Docket No. 1.) Petitioner subsequently adjusted his status to Lawful Permanent Resident. (*Id.*) Petitioner was detained by Immigration and Customs Enforcement ("ICE") in November 2019, and on February 13, 2020, an Immigration Judge ("IJ") ordered his removal to Ethiopia as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to Section 237(a)(2)(A)(ii) of the INA. (*Id.* ¶ 11; 1st Decl. of William J. Robinson ("1st Robinson Decl.") ¶¶ 9–12, Mar. 1, 2021, Docket No. 9.) The Board of

Immigration Appeals dismissed Petitioner's appeal of the IJ's order on August 6, 2020, and he is being held in post-final order detention in the Sherburne County Jail. (Petition ¶¶ 11–12; 1st Robinson Decl. ¶ 13.).

On February 5, 2021, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that he has been subjected to prolonged detention in violation of 8 U.S.C. § 1231 and his Fifth Amendment rights to substantive due process, and that he is entitled to release pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Petition ¶¶ 8, 56–62.) The United States opposes the petition. (Resp. Habeas Petition, Mar. 1, 2021, Docket No. 8.)

The Magistrate Judge issued an R&R, recommending that the Court deny the petition because Petitioner has not demonstrated that he is unlikely to be removed in the reasonably foreseeable future and is therefore not entitled to relief under *Zadvydas*. (R&R at 15–17, Apr. 9, 2021, Docket No. 11.) The Magistrate Judge considered Ethiopia's delay in issuing travel documents, the COVID-19 pandemic, and ICE Agency Memoranda related to immigration enforcement and removal priorities and concluded that none of those factors indicate that removal is unlikely or unforeseeable at this time. (*Id.* at 9–14.) The Magistrate Judge recommended that the Court dismiss the petition without prejudice, however, so that Petitioner could seek redress should he be subject to prolonged detention with no significant likelihood of removal in the future. (*Id.* at 17.)

Petitioner filed objections to the R&R. (Pet. Obj. R&R at 4–10, Apr. 23, 2021, Docket No. 13.) On May 7, 2021, the United States filed a response, stating that the Ethiopian Embassy issued a travel document for Petitioner on April 29, 2021 and that Petitioner is manifested and scheduled to be removed to Ethiopia on a chartered flight sometime in the summer of 2021. (Gov't Resp. Pet. Obj. at 1–2, May 7, 2021, Docket No. 14; Suppl. Decl. of William J. Robinson ¶¶ 4–5, May 7, 2021, Docket No. 15.) At a status conference on May 17, 2021, the United States indicated that Petitioner would likely be on a commercial, rather than chartered, flight and that plans have been changed repeatedly and were subject to further change and may be influenced by political conditions in Ethiopia.

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a

magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. ANALYSIS

The Fifth Amendment prohibits the United States from depriving any person of their liberty without due process of law. U.S. Const. amend. V. Those detained pending a final removal order, pursuant to 8 U.S.C. § 1231, retain their liberty interests such that prolonged or indefinite detention presents significant due process concerns. *Zadvydas*, 533 U.S. at 699.

Congress has established a statutory framework which provides that individuals ordered removed may be detained during a 90-day removal period, from the date the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1). A person with a final order of removal who is not removed within the removal period "shall be subject to supervision," and may be required to periodically appear before an immigration officer, obey reasonable written restrictions, and provide information or submit to medical evaluations if necessary. *Id.* § 1231(a)(3). A person may be detained beyond the removal period if they are determined to be "a risk to the community or unlikely to comply with the order of removal." *Id.* § 1231(a)(6).

The Supreme Court explained in *Zadvydas* that immigration detention pursuant to 8 U.S.C. § 1231 exceeding six months raises significant constitutional concerns. 533 U.S. at 701. Although due process does not dictate release of every person detained for longer

than six months, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Under the *Zadvydas* framework, the detained person has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the burden shifts to the Government to respond with evidence sufficient to rebut the Petitioner's showing. *Id.*

Petitioner argues that the Magistrate Judge gave insufficient weight to the ongoing impacts of the COVID-19 pandemic and civil unrest in Ethiopia in concluding that Petitioner had not met his initial *Zadvydas* burden. Although the R&R sufficiently addressed the circumstances of COVID-19 in Ethiopia, the civil conflict in Ethiopia has rapidly intensified in the weeks since the R&R was issued. The Department of State currently reports a Level 4 travel advisory for Ethiopia and warns that there is significant civil unrest and armed conflict in all border regions and in the Southern Nations Nationalities and Peoples (SNNP), East Hararge, and Benishangul-Gumuz regions, and significant portions of Oromia State. U.S. Dep't of State, *Travel Advisories: Ethiopia*, travel.state.gov/traveladvisories/ethiopia-travel-advisory.html (last visited May 17, 2021). On May 15, 2021, the State Department also issued a statement decrying the increasing hostilities and denial of humanitarian access in Ethiopia's Tigray Region. U.S. Dep't of State, *Press Release*, state.gov/continuing-atrocities-and-denial-of-humanitarian-access-in-ethiopias-tigray-region/ (last visited May 17, 2021).

Although the United States has represented to the Court that travel documents have been issued and plans are underway for Petitioner's removal, at a status conference between the parties on May 17, 2021, the government acknowledged that the escalation of civil conflict introduces additional uncertainty into the timeline for Petitioner's removal to Ethiopia. The Court therefore finds that political conditions in Ethiopia suggest that removal is not likely in the reasonably foreseeable future, and the United States has not sufficiently rebutted that presumption. *See, e.g.*, *Ahmed v. Brott*, No. 14-5000, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2014), *report and recommendation adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015) (noting that political conditions in the country of origin are one of five types of cases where there is no significant likelihood of removal); *Jama v. ICE*, No. 01-1172, 2005 WL 1205160, at *4 (D. Minn. May 20, 2005) (ordering detainee's supervised release because conditions in the country of removal rendered removal unsafe or impossible).

Further, although the Department of Homeland Security, ICE, and others have been enjoined from enforcing the proposed 100-day pause on removals, *see Texas v. United States*, No. 21-00003, 2021 WL 723856, at *53 (S.D. Tex. Feb. 23, 2021), ICE has reaffirmed that its enforcement priorities focus on national security, border security, and public safety considerations, *see* ICE Interim Guidance: Civil Immigration Enforcement and Removal Priorities (Feb. 18, 2021), available at: https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf. Based on

the record, Petitioner does not fall into any of those priority groups, indicating that his removal is unlikely to be imminent despite ongoing removal enforcement. Further, the Court is not satisfied that ICE's regular review of post-final order detainees' cases after the expiration of the 90-day removal period sufficiently addresses the due process concerns arising from Petitioner's prolonged detention. *See Zadvydas*, 533 U.S. at 690–92, 699.

The Court acknowledges the United States' interest in ensuring that removable persons are available when removal is practicable. The need to balance this legitimate governmental interest with a detainee's fundamental liberty interest is precisely why Congress established the option of supervised release for those awaiting final removal who are neither flight risks nor dangers to the community. 8 U.S.C. § 1231(a)(3); *see also Zadvydas*, 533 U.S. at 700.

The United States has not argued that Petitioner is a threat to the community or a flight risk, and has not sufficiently rebutted the presumption—based upon the Petitioner's evidence and the Court's own assessment of the deteriorating situation in Ethiopia—that removal in the reasonably foreseeable future is unlikely. The Court therefore finds that continued detention is unwarranted and that the less restrictive alternative of supervised release, subject to appropriate conditions and monitoring, is appropriate and serves the interests of all parties.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the R&R [Docket No. 13] are **SUSTAINED**;

2. The R&R [Docket No. 11] is **REJECTED**;

3. The Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

4. Petitioner be released no later than 10:00AM CDT on Wednesday, May 19, 2021, subject to appropriate conditions of supervision and monitoring.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 18, 2021　　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court